**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re:

NETBANK, INC.,

        Debtor.

LAUREN MAXWELL,

        Appellant,

vs.                                                Case No. 3:09-cv-441-TJC

NETBANK, INC.,

        Appellee.

## ORDER

This case is before the Court on appeal from the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division. Appellant Lauren Maxwell appeals the Bankruptcy Court's March 26, 2009 order (the "Bankruptcy Order") dismissing her Amended Adversary Complaint for Recovery of Benefits, Unjust Enrichment and Imposition of Constructive Trust (the "Complaint") against Appellee Netbank, Inc. (the "Debtor") for failure to state a claim upon which relief could be granted. The Bankruptcy Order is a final order subject to review by this Court under 28 U.S.C. § 158(a)(1) and Rule 8001(a), Fed. R. Bankr. P. Maxwell timely filed her notice of appeal on April 6, 2009, and the parties have filed corresponding appellate briefs (Docs. 5, 7) and replies (Doc. 9, 12).[1] The Court heard oral

---

[1]The Debtor filed its Chapter 11 bankruptcy petition on September 28, 2007. The motion to dismiss and all subsequent filings in the adversary proceeding before the Bankruptcy

argument on March 11, 2010, the record of which is incorporated by reference (Doc. 15).

In reviewing issues on appeal from a bankruptcy court, this Court functions in an appellate capacity. Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1383-84 (11th Cir. 1990); Fed. R. Bankr. P. 8013. On appeal, an order granting a motion to dismiss is reviewed de novo, with the Court accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. See Redland Co., Inc. v. Bank of America Corp., 568 F.3d 1232, 1234 (11th Cir. 2009).

Upon de novo review, it is the opinion of this Court that the Bankruptcy Order is correct in all respects. The Court does feel compelled to address one additional point: Maxwell's contention that the Bankruptcy Court erred in dismissing the Complaint without leave to amend. Despite raising the issue in her Statement of the Issues Presented (Doc. 5 at 2), neither Maxwell's initial brief nor her reply discuss whether further amendment was requested, what amendments Maxwell would seek to make if given the opportunity, and how such amendments would change the outcome of the Bankruptcy Order. When the Court enquired at oral argument, Maxwell conceded that she had not sought leave to further amend, and that the Complaint had in fact already been amended once to correct certain pleading deficiencies. In addition, Maxwell conceded that the dispositive issues on appeal were unlikely to change upon further amendment of the Complaint. As a result, the

---

Court were filed by the Debtor through the Official Committee of Unsecured Creditors, as intervenor on behalf of the Debtor. On September 16, 2008, the Bankruptcy Court entered an order confirming a plan of liquidation for the Debtor. Pursuant to the plan, Clifford Zucker of J.H. Cohn LLP was appointed as the Liquidating Supervisor for the Debtor and in that capacity is the representative of the Debtor and its estate in connection with the Debtor's Chapter 11 case, including this appeal.

Bankruptcy Court properly dismissed the Complaint with prejudice.

Accordingly, it is hereby

**ORDERED**:

The United States Bankruptcy Court's March 26, 2009 Order Granting Motion to Dismiss Amended Adversary Complaint is **AFFIRMED**. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of March, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:

Honorable Jerry A. Funk, U.S. Bankruptcy Judge
counsel of record